SCHOTT, Chief Judge.
We grant certiorari in order to consider the validity of a judgment dismissing relator’s appeal for non-payment of costs. Relator took an appeal from a child custody decision. Pursuant to LSA-C.C.P. Art. 2126(A) the clerk of the trial court gave notice to appellant that estimated costs would amount to $1,700 which relator paid on December 20, 1989. On January 10, 1991 the clerk of the trial court, pursuant to C.C.P. Art. 2126(D) gave notice to appellant that the record was complete and that additional costs were due in the amount of $2,380. Appellant’s counsel submitted a request to the Chief Judge of the trial court for a reduction of the costs, and on March 11, 1991 the Chief Judge advised appellant’s counsel that the request had been considered by the court en banc and the request was denied. Relator filed a third request for extension of time to pay the costs which the trial court denied on March 26, 1991. Included in relator’s motion was the suggestion that she was in need of additional time to arrange for the additional costs to be paid.
On March 28, 1991 respondent filed a rule against relator to show cause why her appeal should not be dismissed for non payment of costs. This was scheduled by the court for a hearing on May 31. Prior to the hearing relator again moved for a waiver or reduction of the costs. After a hearing on May 31 the trial court denied relator’s motion and dismissed her appeal.
The difference between the estimated costs of $1,700 and actual costs of over $4,000 was substantial. One of the reasons for providing the litigant with an estimate before the record is prepared is to enable the litigant to decide whether it is economically feasible to pursue the appeal. This purpose can be frustrated if the costs are grossly underestimated. The record does not disclose whether relator was ever in a position to pay the increased amount or whether she would have originally elected to pursue the appeal had she known that *640 costs would approximate $4,100 rather than the original estimate of $1,700. In any event, she was justified, once having invested $1,700 in the appeal, in seeking to have the additional amount waived.
Relator’s first and second requests for extension of time to pay costs were filed after she had written to the Chief Judge of the trial court and before the Chief Judge and the court en banc refused her request for a waiver of the costs. Consequently, while the motion for extension of March 26 was technically her third request it was only the first after she had exhausted her remedy with the Chief Judge.
It is significant that this so called third request contains the suggestion that relator needed additional time to arrange for the additional costs of $2,380. There is no evidence in the record as to relator’s ability to pay this additional amount at all much less to pay it on such short notice. Nonetheless, the previous denial of what was treated as relator’s third request for extension to pay costs seems to have influenced the court’s decision to dismiss the appeal.
When relator was notified that actual costs were $2,380 more than the $1,700 she had already paid she had the option to seek an administrative reduction or waiver of the additional amount. She should not be penalized for exercising this option. Once she was notified that the additional costs would not be waived she had the option of pursuing the appeal provided she could pay the costs or if she could not she had the option of abandoning her appeal and claiming a refund of the amount paid pursuant to the original estimate. When the court denied her “third” request for extension she was effectively deprived of these options.
The record does not show that the failure to pay the costs was attributable to the litigant herself. See C.C.P. art. 2161. Under all circumstances the harsh penalty of dismissing her appeal from a judgment involving custody of her children constituted an abuse of the trial court’s discretion.
Accordingly, the judgment of the trial court dismissing relator’s appeal is reversed and set aside. That part of the judgment denying relator’s motion for a waiver or reduction of the additional costs is affirmed. Relator’s appeal is reinstated conditioned upon her payment of the additional costs within ten days from the date this judgment becomes final. In the event that relator fails to pay the additional costs within the time specified her appeal will be considered abandoned and dismissed without the necessity of any further action on the part of the court or the parties.
REVERSED; APPEAL CONDITIONALLY REINSTATED.